Cretu v. Holder

BIA
Vomacka, IJ
A088 935 659

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand fourteen.

PRESENT:
>    JOSÉ A. CABRANES,
>    GERARD E. LYNCH,
>    CHRISTOPHER F. DRONEY,
>        *Circuit Judges.*

_____

VADIM CRETU,
>        *Petitioner,*

>        v.                                    12-3270
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Serghei Potorac, Falls Church, VA.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Linda S. Wernery,
                       Assistant Director; Gregory M.
                       Kelch, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Vadim Cretu, a native and citizen of Moldova, seeks review of a July 24, 2012, order of the BIA, affirming the February 16, 2011, decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Vadim Cretu*, No. A088 935 659 (B.I.A. July 24, 2012), *aff'g* No. A088 935 659 (Immig. Ct. New York City Feb. 16, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as modified by the BIA, *i.e.*, minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For applications such as Cretu's, which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Cretu does not contest the demeanor finding and testimonial deficiencies that served as the basis for the agency's adverse credibility finding. He challenges only the agency's related corroboration finding. However, the agency reasonably determined that Cretu's failure to submit corroborating evidence further undermined his credibility. We have recognized that an applicant's failure to corroborate his testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question. *See*

3

*Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Although Cretu argues that additional corroborating evidence was unavailable because the Moldovan government had repeatedly intercepted his mail, the agency reasonably rejected this assertion because the country conditions evidence did not reflect pervasive mail censorship in Moldova. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) ("So long as an inferential leap is tethered to the evidentiary record, we will accord deference to the finding."); *cf. Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (stating that agency need not accept an applicant's explanation unless a reasonable fact-finder would be compelled to do so); 8 U.S.C. § 1254(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . [unless] a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."). Accordingly, Cretu has failed to show that the agency erred in finding that he did not meet his burden for asylum due to a lack of credibility. *See Biao Yang*, 496 F.3d at 273; *Xiu Xia Lin*, 534 F.3d at 167.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk